Case 3:20-cr-02850-WQH   Document 75   Filed 01/23/25   PageID.197   Page 1 of 1

AO 247 (Rev. 03/19) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)   Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the
Southern District of California

| | |
|---|---|
| United States of America<br>v.<br>NATALIE KRUFT-FURINO | )<br>)<br>)<br>)  Case No: 20cr2850-WQH<br>)  USM No:<br>) |
| Date of Original Judgment:  06/15/2021<br>Date of Previous Amended Judgment:<br>*(Use Date of Last Amended Judgment if Any)* | )<br>)<br>_____<br>Defendant's Attorney |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☑ DENIED. ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____.

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Defendant was sentenced to 38 months in the custody of the Bureau of Prisons for importation of methamphetamine and fentanyl in violation of 21 U.S.C. §§ 952 & 960. Defendant now moves for a reduced sentence under 18 U.S.C. § 3582(c)(2) as a result of the U.S. Sentencing Commission's amendments to USSG § 4C1.1, known as the "zero-point offender" provision. (ECF No. 65.) Although Defendant qualifies for the zero-point offender provision, after applying a 2-level reduction pursuant to § 4C1.1, the resulting amended guidelines range would have been 70 to 87 months. (See Sentencing Trans. at 8, ECF No. 70 (finding Defendant's offense level to be 29).) Because the low end of the amended guidelines range is higher than Defendant's original sentence of 38 months and the Government did not make a substantial assistance motion, she is ineligible for a sentence reduction under USSG § 1B1.10(b)(2)(A). Even if the Court had the discretion to grant Defendant's motion, the Court would decline to reduce Defendant's sentence because, although Defendant had no prior criminal history, the Court finds that the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense under 18 U.S.C. § 3553(a) continues to support the sentence imposed. The 38-month custodial sentence is sufficient but not greater than necessary to comply with the purposes set forth in § 3553. The Motion for Reduction in Sentence is denied. (ECF No. 65.)

Except as otherwise provided, all provisions of the judgment dated  06/15/2021  shall remain in effect.
**IT IS SO ORDERED**.

Order Date:  1/23/25

*William Q. Hayes* (signature)
Judge's signature

Effective Date: _____
*(if different from order date)*

Hon. William Q. Hayes, U.S. District Judge
*Printed name and title*